Date signed October 03, 2012



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| GEREN L. WILLIAMS | : | Case No. 10-29365PM |
| | : | Chapter 7 |
| Debtor | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |

### MEMORANDUM OF DECISION

This case came before the court on September 27, 2012, on two Motions filed by the attorneys for the Debtor, one to authorize their employment, and the second for compensation while this case was proceeding under Chapter 11.  This case was filed under Chapter 13 on August 24, 2010, counsel receiving a $2,000.00 retainer, and then converted to a case under Chapter 11 on October 13, 2010, at which time counsel received a $15,000.00 retainer that is said to be held in trust pending the Order of this court.  On May 17, 2012, this court entered an Order converting the case to a case under Chapter 7 on Debtor's Motion.  Debtor received a Chapter 7 discharge on September 6, 2012, so that regardless of this court's Order, Debtor has no further obligation to counsel for any fees allowed.

While counsel believed that he had filed the application for employment, and represented so on the Section 2016(b) Disclosure Statements filed, he had not.  Likewise, there is nothing in the record reflecting the receipt of the $15,000.00.  The court cannot tell if the Chapter 7 Trustee had any knowledge of the existence of the retainer and, if not, whether she would take any action on that account.  The United States Trustee appeared at the hearing and did not oppose either Motion.

The court finds the fee Application adequately describes the work done, and the court has

no reason to believe that there are any misstatements in it.  Appropriate orders will be entered.

cc:
All Creditors and Parties in Interest

**End of Memorandum**